FILED

2014 Sep-29  PM 01:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **CHARLOTTE LILLY and** | ) | |
| **DONALD LILLY** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **NO. 4:14-CV-10-KOB** |
| | ) | |
| **GEICO INDEMNITY COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION and ORDER

This matter comes before the court on the Defendant GEICO Indemnity Company's Motion to Dismiss (doc. 4) and Motion for Summary Judgment (doc. 6). This case was reassigned to the undersigned after another Judge had converted the Motion to Dismiss to a Motion for Summary Judgment.[1] Because both the original motion and subsequent motion requested dismissal based on subject matter jurisdiction, and because the court finds that the requests are properly resolved on a motion to dismiss, the court will do so.

The Complaint as amended contains three Counts: Count I, asserting a breach of contract claim; Count II, asserting a claim for bad faith failure to pay Plaintiffs' UIM claim; and Count III, asserting a claim for UIM benefits.  Defendant GEICO requests dismissal of the first two Counts but agrees that Count III may proceed; the motions before the court do not encompass Count III.  This opinion is written for the parties, and the court assumes they know the facts and does not reiterate them here.

---

[1] The court notes that because the Motion to Dismiss was brought pursuant to Rule 12(b)(1), consideration of evidence supporting the original motion does not require the conversion.  *See* Fed. R. Civ. P 12 (1975).

As to the bad faith refusal to pay claim in Count II, the court FINDS that the allegations of the Complaint as amended, as well as the unrefuted evidence presented, indicate that the damages are in dispute and, thus, that claim is due to be dismissed.  *See Ex parte Safeway Ins. Co. of Alabama, Inc*., 990 So. 2d 344, 351 (Ala. 2008) (issuing writ of mandamus and directing the trial court that the bad faith claim should be dismissed without prejudice for lack of subject mater jurisdiction, and explaining: "Safeway presented unrefuted evidence indicating that the damages are in dispute and, in accordance with *Pontius,* Galvin's bad-faith claim, as a matter of law, is not ripe."); *Pontius v. State Farm Mut. Auto. Ins. Co*., 915 So. 2d 557, 564-65 (Ala. 2005) (dismissing the breach of contract claim and bad faith claims for lack of subject matter jurisdiction, and explaining: "Without a determination of whether liability exists on the part of the underinsured motorist and the extent of the plaintiff's damages, a claim of bad-faith failure to pay or breach of contract … [is] not ripe for adjudication.").  Therefore, the court DISMISSES the bad faith failure to pay claim in Count II WITHOUT PREJUDICE.

The court FINDS that the Supreme Court of Alabama's opinions in *Safeway I* and *Pontius* indicate that the dismissal should be pursuant to Rule 12(b)(1) based on subject matter jurisdiction, a direction this court feels constrained to follow, and, thus, GRANTS the motion to dismiss (doc. 4) as to Count II.  This court nevertheless acknowledges that other opinions reflect that the lack of "ripeness" implicates the substantive sufficiency of the pleadings and evidence, properly addressed under Rules 12(b)(6) and 56, instead of implicating subject matter jurisdiction.  *See Ex parte Safeway Ins. Co. of Alabama, Inc.,* No. 1120439, ___ So. 3d ____, 2013 WL 5506557, at *4 (Ala. Oct. 4, 2013) (hereinafter "*Safeway II*")  (denying writ of mandamus brought under Rule 12(b)(1) and explaining:  "The holding in *Pontius* requires that [the plaintiff] first establish the fault of the phantom motorist before he may seek damages from [the defendant] for bad-faith failure to pay. *We see no reason why ripeness and subject-matter*

*jurisdiction must be implicated for this to happen.*") (emphasis added)); *see also* Justice Murdock's concurring opinion in *Safeway I*, 990 So. 2d at 354, stating that, in this context "we are in fact using [the ripeness] concept to measure the substantive sufficiency of the plaintiff's claim [and] unnecessarily confuse our jurisprudence [when we hold] that this brand of ripeness implicates the trial court's jurisdiction."  This court FINDS that dismissal without prejudice is the appropriate ruling for the bad faith claim, whether that ruling is pursuant to 12(b)(1) or based on the substantive insufficiency of the Complaint as amended.

As to the breach of contract claim asserted in Count I, the court FINDS that it is more appropriately addressed under a motion to dismiss as opposed to the motion for summary judgment.  The court sees very little difference between the breach of contract claim in Count I and the claim for UIM benefits in Count III, but, recognizing the opaqueness of Alabama jurisprudence in UIM proceedings, the court DENIES the motion to dismiss as to the breach of contract claim at this time, WITHOUT PREJUDICE to revisiting that issue at a later stage.[2]

The court acknowledges that a motion for summary judgment (doc. 6) is pending.  As for the bad faith claim in Count II, the court DEEMS the motion for summary judgment to be MOOT, as the court has dismissed that claim.  As to the claims in Count I, the court DENIES the motion WITHOUT PREJUDICE.

This case will proceed with the claims of breach of contract in Count I and, to the extent, if any, that they are separate, the claims for UIM benefits in Count III.

DONE and ORDERED this 29th day of September, 2014.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In denying the motions as to the breach of contract claim, the court does not intend to expand discovery to encompass broader issues than are normally addressed in a claim for UIM benefits, as discussed in the phone conference with counsel on September 26, 2014.